UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROYAL ALICE PROPERTIES, LLC, APPELLANTS | CIVIL ACTION |
| VERSUS | NO. 20-3346 |
| AMAG, INC., APPELLEES | SECTION "R" (3) |

# ORDER AND REASONS

Before the Court is appellant-debtor Royal Alice Properties, LLC and proposed intervenor Susan Hoffman's (collectively, "petitioners") motion for reconsideration, pursuant to Federal Rule of Bankruptcy Procedure 8022,[1] of this Court's Order and Reasons[2] granting appellee AMAG, Inc.'s ("AMAG") motion to dismiss, and denying Hoffman's motion for intervention. AMAG and Dwayne M. Murray, debtor's Chapter 11 trustee, have filed a motion in opposition.[3] For the following reasons, the Court denies the motion to reconsider.

---

[1]  R. Doc. 38.
[2]  R. Doc. 36.
[3]  R. Doc. 41. The trustee and AMAG's motion, styled as an opposition to petitioners' motion for rehearing, does not "address the supposed substantive issues in the Motion for Rehearing," but instead seeks to alert the Court that Hoffman's counsel violated Rule 1.9 of the Louisiana Rules for Professional Conduct by filing this motion for reconsideration, and that, therefore, the motion should be denied and

## I.    BACKGROUND

On August 28, 2019, debtor Royal Alice Properties filed a voluntary petition for bankruptcy relief in the United States Bankruptcy Court for the Eastern District of Louisiana, under Chapter 11 of the Bankruptcy Code.[4]  A month later, the debtor also instituted an adversary proceeding in the bankruptcy court against appellee, seeking a determination of the validity, extent, and priority of AMAG's lien on properties owned by the debtor.[5]  Both the debtor and appellee filed cross-motions for summary judgment.[6]  On September 4, 2020, while the adversary proceeding was pending, the bankruptcy court ordered the appointment of a Chapter 11 trustee.  *In re Royal Alice Properties, LLC*, No. 19-12337, 2020 WL 5357795, at *12 (Bankr. E.D. La., Sept. 4, 2020).  Following the appointment of a trustee, Hoffman filed a motion to intervene in her individual capacity as the sole member of the debtor LLC.[7]  On November 25, 2020, the bankruptcy court granted AMAG's motion for summary judgment, denied debtor's motion for summary judgment, and entered a judgment dismissing debtor's complaint

---

Hoffman's counsel "disqualified from this matter."  *Id*. at 1 & n.1.  Because the Court denies petitioners' motion for reconsideration, thereby closing this case, it need not reach the issue of disqualification.
[4]    R. Doc. 27-2 at 1.
[5]    R. Doc. 15-34 at 1.
[6]    *Id*. at 2.
[7]    R. Doc. 2-19 at 5.

2

for declaratory relief.[8]  Following the dismissal of the case, the bankruptcy court ordered that the hearing it had set for December 2, 2020 on Ms. Hoffman's motion for intervention be struck.[9]

In December of 2020, trustee's counsel informed Hoffman's attorneys (pre-trustee counsel to the debtor), pre-trustee management, and Hoffman that the trustee would not appeal the bankruptcy court's decision, and that only the trustee had authority to institute an appeal on behalf of the debtor.[10] On December 9, 2020, this Court received a notice of appeal, purportedly filed on behalf of the debtor, challenging the bankruptcy court's grant of appellee's motion for summary judgment.[11] Although the notice of appeal stated that the party appealing was "Royal Alice Properties, LLC,"[12] it was actually Hoffman, the debtor's sole equity security holder, who instituted the appeal, through her attorneys who had served as pre-trustee counsel to the debtor.[13] In addition to filing the notice of appeal on behalf of the debtor,

---

[8]  R. Docs. 1-2 (Bankruptcy Court Opinion) & 1-3 (Bankruptcy Court Judgment).
[9]  R. Doc. 1-4 at 2 (Bankruptcy Court Docket).
[10] R. Doc. 20-1 ¶¶ 9-11 & Exs. A & B.
[11] R. Doc. 1.
[12] *Id.* at 1.
[13] R. Doc. 33 at 6-7.

3

Hoffman also filed a motion to intervene in the appeal in her individual capacity as the debtor's sole equity security holder.[14]

On September 7, 2021, this Court granted AMAG's motion to dismiss, holding that, because Hoffman filed the notice of appeal on behalf of the corporate debtor, without authorization from the trustee, the appeal was invalid.[15]  Given the dismissal of the underlying appeal, this Court additionally held that Hoffman's motion to intervene was moot, and that even if it was not moot, it was untimely under Bankruptcy Rule 8013(g).[16] Petitioners now move for rehearing of the Court's September 7, 2021 Order and Reasons, asserting that the Court erred in dismissing the appeal and denying Hoffman's motion for intervention.[17]

## II.  LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8022(a)(1) allows a party to a bankruptcy appeal to file "[a] motion for rehearing . . . after [the] entry of judgment on appeal." Fed. R. Bankr. P. 8022(a)(1). Such a motion "must state with particularity each point of law or fact that the movant believes the

---

14   R. Doc. 27.
15   R. Doc. 37 at 5-9.
16   *Id.* at 10-17.
17   R. Doc. 38.

4

district court . . . has overlooked or misapprehended." Fed. R. Bankr. P. 8022(a)(2). Although Rule 8022 "does not provide a standard of decision for a motion for rehearing," the Fifth Circuit has held that "such a motion may be granted to correct a 'mistaken use of facts or law' in the prior decision." *In re Maritime Commc'ns/Land Mobile L.L.C.*, 745 F. App'x 561, 562 (5th Cir. 2018) (per curiam) (quoting *In re Coleman*, No. 15-569, 2015 WL 7101129, at *1 (E.D. La. Nov. 13, 2015)).

### III. DISCUSSION

Petitioners raise four arguments in support of their motion for rehearing. First, petitioners assert that the Court's Order and Reasons failed to address petitioners' argument that Hoffman's notice of appeal included an appeal of the bankruptcy court's dismissal of her initial motion for intervention, therefore making her motion to intervene in this Court timely.[18] Petitioners represent that, because they raised this argument in their opposition brief, as an alternative to their argument that Hoffman's notice was timely, the Court should have considered "the relevant law

---

[18]  R. Doc. 38-1 at 3-4.

regarding the scope of a notice of appeal in reaching its decision that Mrs. Hoffman's MFI was untimely."[19]

The Court did not address petitioners' argument in the "alternative" for two reasons. First, regardless of whether Hoffman's motion for intervention was timely, the Court found that, after dismissing the underlying appeal, Hoffman's motion to intervene was moot, given that there was no longer an appeal in which to intervene.[20] Second, petitioners failed to raise this argument in either their opening brief on appeal[21] or Hoffman's motion for intervention,[22] and instead raised it for the first time in their reply to AMAG's opposition to Hoffman's motion for intervention."[23] It is well-settled in the Fifth Circuit that "[a]rguments raised for the first time in a reply brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) (collecting cases). Accordingly, because petitioners waived this argument by raising it for the first time in their reply brief, it was not properly before the Court in ruling on Hoffman's motion to intervene.

---

[19] *Id.* at 4.
[20] R. Doc. 36 at 10.
[21] R. Doc. 4.
[22] R. Doc. 27.
[23] R. Doc. 28 at 9 ("As an alternative ground for reaching the same result, Debtor's Notice of Appeal of the Judgment includes appeal of the USBC's dismissal of Mrs. Hoffman's USBC MFI and hence is timely because the Notice of Appeal is timely.").

6

Moreover, even if petitioners' argument was properly before the Court, it lacks merit. Petitioners' notice of appeal does not mention or even reference the dismissal of Hoffman's motion to intervene in the bankruptcy court. In support of their claim that the notice of appeal covered the dismissal, petitioners on rehearing assert that "[t]he Judgment, as specifically shown o[n] the docket of the USBC, includes the dismissal of Mrs. Hoffman's USBC MFI."[24] But neither the notice of appeal nor the bankruptcy court's judgment addresses the bankruptcy court's dismissal of Hoffman's motion for intervention. Petitioners' notice of appeal confines the scope of the appeal to the bankruptcy court's "Memorandum Opinion and Order [Adv. ECF No. 113] and Judgment Dismissing Complaint [Adv. ECF No. 114]."[25] Attached to the notice of appeal is both the bankruptcy court's memorandum opinion and the judgment, neither of which mentions Hoffman's motion to intervene.[26] Also attached to the notice of appeal is the bankruptcy court's docket for this matter, which lists "Hearing Stricken due to Order Dismissing Case (RE: . . . [ECF No. 101] Motion to Intervene,)" as a

---

[24] R. Doc. 38-1 at 3.
[25] R. Doc. 1 at 1.
[26] R. Docs. 1-2 & 1-3.

7

separate entry from docket entry numbers 113 and 114, which petitioners identified in their notice.[27]

Despite petitioners' assertions to the contrary, and even construing the notice of appeal broadly, the Court does not find that the dismissal of Hoffman's initial intervention was part of petitioners' appeal. Notably, petitioners do not explain why Hoffman moved to intervene a second time in this case, if the dismissal of her original intervention attempt was already pending this Court's appellate review. That petitioners affirmatively sought intervention before this Court significantly undermines their assertion that they intended to include the issue of intervention in their notice of appeal.

For these reasons, petitioners have failed to show that the Court "would have reached a different result had it been aware of its mistaken use of facts or law." *In re Coleman*, 2015 WL 7101129, at *1 (citing *In re Hessco Indus., Inc.*, 295 B.R. 372, 375 (9th Cir. 2003)). Accordingly, the Court denies petitioners' rehearing request regarding the scope of their notice of appeal.

Petitioners further request that the Court, on rehearing, adjudicate for the first time whether issue preclusion would prevent Hoffman from filing a new action for the same declaratory relief sought by the debtor in this

---

[27] R. Doc. 1-4 at 3-4.

action.[28] In support of their motion, petitioners argue that Hoffman should not be barred from pursuing her own action because it would deprive her the "full and fair opportunity" to litigate the issues that impact her as a co-obligor of the AMAG loan.[29] A motion for rehearing of a judgment is not the appropriate vehicle to request the adjudication of issues raised for the first time. Such a request fails to comply with the requirements of Rule 8022, which requires a movant to state "with particularity each point of law or fact" that it believes the Court "has overlooked or misapprehended." Fed. R. Bankr. P. 8022(a)(2). Given that this is the first time that petitioners have asked the Court to decide this question, its motion for rehearing fails to state with particularity any point of law or fact that this Court overlooked or misapprehended in its initial judgment. *See* Fed. R. Bankr. P. 8022(a)(2). The Court will not address the question of issue preclusion for the first time on petitioners' motion for rehearing.

---

[28] R. Doc. 38-1 at 1, 5-9. Petitioners state that they raised the concern of issue preclusion in their opposition brief. *Id.* at 6. Although petitioners briefly reference in their opposition brief that the res judicata effect of a default judgment would "eviscerate[e] the Debtor's and Mrs. Hoffman's minimal due process rights," they do not ask the Court to decide whether issue preclusion would prevent Hoffman from seeking a declaratory judgment in a separate action. R. Doc. 28 at 2.

[29] R. Doc. 38-1 at 1, 5-9.

Next, petitioners contend that the Court should reconsider whether, as the debtor out-of-possession, Royal Street Properties, through its sole equity holder, Hoffman, has standing to appeal as a "person aggrieved."[30] On this issue, petitioners reassert their prior argument that the Fifth Circuit's decision, *In re Mandel*, 641 F. App'x 400 (5th Cir. 2016) (per curiam), is dispositive here.[31] But *In re Mandel* did not address the situation presented in this case—whether a *corporate* debtor's former management has authority to file an appeal on behalf of the *corporation* without the consent of the Chapter 11 trustee—and instead addressed the distinct inquiry of whether an individual debtor in a Chapter 7 bankruptcy proceeding had standing to appeal an order in his *individual* capacity under the "person aggrieved" test. *Id.* 402-03. Because Hoffman did not seek to file this appeal in her individual capacity, but instead on behalf of the corporate debtor when its trustee declined to appeal, petitioners' reinvocation of *In re Mandel* fails to identify an error of fact or law warranting reconsideration. *See In re LeBlanc*, No. 18-11748, 2019 WL 3718122, at *5 (E.D. La. Aug. 7, 2019) (denying petitioner's request for a rehearing under Rule 8022 because the court "already determined that a sufficient factual distinction exists between

---

[30]   R. Doc. 38-1 at 8-12.
[31]   *Id.* Petitioners previously made this exact argument in their opposition brief. R. Doc. 28 at 5-6.

10

[another] case and [petitioner's] to justify different rulings, . . . [and thus] does not compel a different outcome than that reached in this case").

The Court further denies petitioners' request to reconsider or vacate its finding that Hoffman acted in bad faith in filing the notice of appeal allegedly on behalf of the debtor, rather than in her own name, thereby prejudicing AMAG.[32] Petitioners once again raise the same arguments they previously raised in opposition to AMAG's assertion of bad faith. They again argue that Hoffman could not have acted in bad faith because, although the trustee expressed "concern," it did not technically "object" to the appeal, and that if anyone acted in bad faith, it was AMAG for its delay in moving to dismiss the appeal.[33] The Court has previously considered and rejected these arguments. The Court therefore denies petitioners' motion to reconsider as to its finding of bad faith and prejudice. *See In re Maritime*, 745 F. App'x at 562 (affirming the district court's denial of a motion for rehearing that "essentially reiterated [debtor's] original arguments and did not identify mistaken use of facts or law in the prior order").

---

[32] R. Doc. 38-1 at 13-15.
[33] *Id.* at 14. Petitioners asserted these same arguments in their opposition brief. R. Doc. 28 at 2-5.

11

In sum, the Court finds that none of petitioners' arguments identify a mistake of law or fact that warrant a rehearing. Accordingly, petitioners' motion for reconsideration is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES appellant debtor Royal Alice Properties, LLC and proposed intervenor Susan Hoffman's motion for rehearing.

New Orleans, Louisiana, this __31st__ day of January, 2022.

                *Sarah Vance*
                SARAH S. VANCE
        UNITED STATES DISTRICT JUDGE